Ethel May WHITE, Appellant,

v.

LOUIS CREATIVE HAIR DRESSERS, INC., a corporation, Appellee.

No. 15048.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 5, 1959.

Decided Dec. 30, 1959.

Mr. J. E. Bindeman, Washington, D. C., with whom Messrs. Dexter M. Kohn and Leonard W. Burka, Washington, D. C., were on the brief, for appellant.

Mr. J. Harry Welch, Washington, D. C., with whom Messrs. H. Mason Welch, J. Joseph Barse, Arthur V. Butler, Walter J. Murphy, Jr., and James A. Welch, Washington, D. C., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and EDGERTON and FAHY, Circuit Judges.

PER CURIAM,

The plaintiff in a personal injury suit appeals from a judgment on a directed verdict for the defendant. The plaintiff claims that an operator in the defendant's beauty parlor permanently impaired the plaintiff's hearing by negligently permitting shampoo liquid to enter her left ear. According to the plaintiff's testimony, she had a perforated eardrum and asked the operator for cotton to put in her ears, telling her "I only had one good ear and I had to protect that"; she received and used the cotton; but the operator did not put her hands over the plaintiff's ears, and liquid entered in such quantities that the cotton had to be replaced several times.

The court thought, and we agree, that the plaintiff made a prima facie case of proximate cause; "namely, some liquid that she got into her ear caused the impairment of hearing." The court directed a verdict for the defendant on the ground that there was "no proof of any negligence * * * not sufficient proof here that the operator departed from accepted standards."

In response to a hypothetical question based on the plaintiff's testimony, the director of a "beauty college" testified that the defendant's operator was not "exercising that degree of skill and care usually exercised by beauty parlour operators of ordinary skill, ability and prudence who are engaged in the busi-

ness of giving shampoos in this community." The owner of a beauty shop testified by deposition that the operator was not "exercising that degree of skill and care which is usually exercised by a person of ordinary skill, ability and prudence * * * engaged in the business of giving shampoos, permanent waves, tints, and haircutting in this community." Specifically, this witness testified that in order to give a good shampoo it is necessary that the operator put her hand over the customer's ear, and that if the defendant's operator failed to "cup" the ear, i. e. put a hand over it and bring it forward, she "wasn't observing good practice." We think this evidence would have supported a finding of negligence and the case should have been submitted to the jury.

Reversed.